COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Elder
Argued at Richmond, Virginia


CAPITAL TRUCK CENTER

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0595-95-2       JUDGE LARRY G. ELDER
                                       JANUARY 23, 1996
CHARLES P. HIGHLANDER, SR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          William F. Karn (William B. Pierce, Jr.;
          Williams & Pierce, on briefs), for appellants.

          Laura L. Geller (Geoffrey R. McDonald;
          McDonald & Snesil, P.C. on brief), for
          appellee.


     Capital Truck Center (employer) appeals the Workers'

Compensation Commission's (commission) award of benefits to

Charles P. Highlander, Sr. (claimant) for disability due to the

occupational disease of "contact allergic dermatitis."  Employer

contends (1) sufficient evidence did not establish claimant

suffered from a new occupational disease, instead of an

aggravation of a pre-existing condition; and (2) the commission

erred in failing to find claimant voluntarily exposed himself to

work conditions which he was warned would lead to his condition

becoming symptomatic.  Because the commission committed no error,

we affirm its decision.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

FACTS

In 1979, the commission determined claimant had recurring "contact dermatitis" as a result of his employment as a diesel mechanic with a former employer.  Accordingly, the commission awarded claimant temporary total disability benefits for two separate periods during 1979.  As early as 1978, claimant's treating physician, Dr. L. William Kelly, Jr., and other physicians instructed claimant not to work in an environment that would expose him to diesel fuel, chromates, brake fluid, or antifreeze.

Despite these instructions, claimant accepted a job as a diesel engine mechanic with employer on approximately May 11, 1984.  From May 11, 1984 to August 1993, claimant experienced occasional problems with dermatitis.  In August 1992, after he attended a week long diesel fuel school, claimant's condition worsened.  On August 11, 1993, claimant filed a claim alleging the occupational disease "contact allergic dermatitis."

Medical records reveal claimant received dermatological care from Dr. Kelly for a period of twenty years.  In 1979, Dr. Kelly diagnosed claimant as having "contact dermatitis hands & feet." Again, in 1981, Dr. Kelly stated claimant suffered from "eczema hands and feet [with] contact dermatitis."  By letter dated August 11, 1993, Dr. Kelly provided the following diagnosis of claimant's condition:

[Claimant] has been followed in this office since April of 1972.  He has a long history of contact, <u>irritant</u> dermatitis involving his hands and feet. . . .  In March, 1993, his skin eruption changed to contact <u>allergic</u> dermatitis with much more severe swelling and erythema and blister formation.

In April 1993, Dr. William P. Jordan, Jr. also examined claimant and concluded that while there were "suggestions that this could be an <u>allergic</u> contact dermatitis," a diagnosis of contact <u>irritant</u> dermatitis was appropriate.  Dr. Jordan noted claimant's dermatitis entered a thirteen year remission before it returned in August 1992.  In March 1994, Dr. James F. Robinson examined claimant and stated that he believed claimant's condition was "really the same problem that he has been having since 1972."

The deputy commissioner denied claimant's application for benefits, after finding his condition was an aggravation of his pre-existing disease and not a new occupational disease.  The commission disagreed and awarded benefits, finding claimant suffered from a new occupational disease.

II.

NEW DISEASE

On appeal, we view the evidence in the light most favorable to the party prevailing below.  <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The commission's factual findings will be upheld on appeal if supported by credible evidence.  <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989)(citation

omitted).  "[I]t is fundamental that a finding of fact made by the [c]ommission is binding and conclusive upon this [C]ourt on review.  A question raised by conflicting medical opinion is a question of fact."  Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).  Finally, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

The record contains credible evidence that claimant developed a new occupational disease in March 1993 and that he did not suffer from an aggravation of his pre-existing dermatitis condition.  Of greatest import to our analysis is Dr. Kelly's August 11, 1993 letter, which specifically noted the onset of a disease different from claimant's prior condition of contact irritant dermatitis.  Dr. Kelly stated that beginning in March 1993, claimant's skin eruptions changed to contact allergic dermatitis with much more severe swelling and erythema and blister formation.  Claimant testified that his symptoms worsened after the completion of diesel fuel school in August 1992, with physical manifestations including larger blisters and the appearance of puss.

Although other examining physicians did not arrive at a positive diagnosis of contact allergic dermatitis, where conflict in medical opinions exists, the general rule is that greater weight is accorded the treating physician's (Dr. Kelly) opinion

-4-

when he is positive in his diagnosis.  <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986)(citations omitted).  Moreover, Dr. Robinson did <u>not</u> rule out a diagnosis of contact <u>allergic</u> dermatitis.  Furthermore, Dr. Jordan stated, "[t]here are irregular patches and suggestions that this could be a contact <u>allergic</u> dermatitis."  The commission considered all reports of the doctors.  We cannot say the commission erred in relying on Dr. Kelly's positive medical opinion that in March 1993 claimant contracted contact <u>allergic</u> dermatitis.  Contact allergic is an occupational disease different from irritant dermatitis.

### III.

### WILFUL EXPOSURE TO HARMFUL WORKPLACE ENVIRONMENT

First, we disagree with claimant that Rule 5A:18 bars employer from raising this issue on appeal.  The record shows that the issue was generally considered at the hearing; employer raised it on brief before the commission; and Commissioner Tarr, who dissented from the commission's opinion, directly addressed it.

Reaching the merits of the issue, the record reveals claimant's physicians warned him that his dermatitis condition would be exacerbated by exposure to diesel fuel, chromates, and other such chemicals.  However, from 1979 through 1992, claimant worked as a diesel mechanic relatively symptom free from contact irritant dermatitis.  Furthermore, as discussed in Section II,

claimant developed a different dermatitis condition as of March 1993. While this new condition, contact <u>allergic</u> dermatitis, closely resembled claimant's pre-existing condition, contact <u>irritant</u> dermatitis, the commission, citing <u>Attorney's Textbook of Medicine</u> ¶65A.11 and ¶65A.12, found the two conditions distinguishable. Therefore, we cannot say the commission erred in finding claimant's disease was not the expected result of exposure to his workplace environment about which he had been warned.

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>