COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Bray and Senior Judge Hodges

GIANT FOOD, INC.
AND
STANDARD FIRE INSURANCE COMPANY

v.   Record No. 2021-94-4                    MEMORANDUM OPINION[*]
                                             PER CURIAM
WILLIAM ROBBINS                              MAY 9, 1995


                             FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Roger S. Mackey, on brief), for appellants.

          (Metin A. Cay; Swiger & Cay, on brief), for appellee.


     Giant Food, Inc. (employer) contends that the Workers'

Compensation Commission (commission) erred in finding that

William Robbins (Robbins) (1) proved permanent and total

disability pursuant to Code § 65.2-503 as a result of the loss of

use of both of his legs; (2) proved he could not use his

effective members in gainful employment; and (3) established a

physical change in condition from the time he entered into the

Memorandum of Agreement.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.[1]

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Because employer's first two questions presented relate to
the issue of Robbins' entitlement to permanent and total
disability benefits, we will address them as one issue in this
opinion.  We will not address employer's third question
presented, because it was not raised before the commission.

On appeal, we view the evidence in the light most favorable to the party prevailing below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review.  A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1990).

Robbins sustained a compensable back injury on May 10, 1984.  Thereafter, he underwent extensive treatment, including several unsuccessful surgeries.  Robbins received 500 weeks of temporary total disability benefits.  On September 3, 1993, Robbins filed an application seeking permanent total disability benefits and permanent partial disability benefits based on a 75% permanent loss of use of each leg.  Robbins testified that he suffers from extreme pain in his back that radiates into his legs.  The leg pain is intense and affects his ability to walk, bend, or sit.

Robbins came under the care of Dr. Donald L. MacNay, an orthopedic surgeon, on June 8, 1984.  On August 9, 1993, Dr. MacNay rated Robbins as suffering from a 75% disability in both lower extremities as a result of the industrial accident and the numerous failed surgeries.  Dr. MacNay reported atrophy below the knee on both of Robbins' legs, weakness, loss of strength, and instability.  Dr. MacNay opined that "[o]n a functional level he remains totally disabled for any form of sustained employment

whatsoever."

Anthony Bird, a vocational rehabilitation counselor, opined that, based upon his knowledge of the job market where Robbins resides and Robbins' medical history and condition, Robbins is not a candidate for competitive employment.

The commission found that Robbins suffered from a 75% permanent loss of use of each leg and that he had reached maximum medical improvement. The commission also found that Robbins was permanently and totally disabled from engaging in any gainful employment due to the permanent loss of use of his legs. Substantial credible evidence, including Robbins' testimony, Bird's testimony, and the reports and opinions of Dr. MacNay, support these findings.

The commission, in its role as fact finder, was entitled to give greater weight to Dr. MacNay's opinion than that of Dr. Ian Wattenmaker, who examined Robbins at employer's request. The treating physician's opinion is entitled to be given great weight. Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986). Moreover, Robbins was not required to show that his legs were immovable or could not be used in walking around the house, rather he was required to prove that he was unable to use his legs in any substantial degree in any gainful employment. See Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 857, 80 S.E.2d 537, 541 (1954). Robbins presented credible evidence that met this burden.

3

Accordingly, the commission's finding that Robbins is permanently and totally disabled pursuant to Code § 65.2-503 is binding and conclusive upon us on appeal.

<u>Affirmed.</u>