COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Bray and Senior Judge Hodges

TIMOTHY T. WILLIAMS

                                        MEMORANDUM OPINION*
v.   Record No. 2447-94-1                  PER CURIAM
                                          MAY 23, 1995
CITY OF NORFOLK/DEPARTMENT OF WASTE MANAGEMENT


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Keith Loren Kimball; Sykes, Carnes, Bourdon & Ahern,
          on brief), for appellant.

          (Philip R. Trapani, City Attorney; Andre A. Foreman,
          Deputy City Attorney, on brief), for appellee.


     Timothy T. Williams contends that the Workers' Compensation
Commission erred in finding that the City of Norfolk/Department
of Waste Management ("employer") proved that Williams was able to
return to his pre-injury work without restrictions as of January
20, 1994.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party before the commission.  R.G. Moore Bldg.
Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788
(1990).  "[I]t is fundamental that a finding of fact made by the
Commission is conclusive and binding upon this court on review.

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

The commission accepted the January 19, 1994 opinion of Dr. Richard K. Neal, Jr., a neurosurgeon, that the claimant had no permanent disability as a result of the July 26, 1993 industrial accident, and that he could resume his regular employment without restrictions on January 20, 1994. The commission rejected the later opinions of several physicians "who request[ed] further diagnostic studies to rule out possible injuries, apparently because of the claimant's continuing subjective complaints." In light of the consistent findings by these physicians of symptom magnification, it was not error for the commission to conclude that "those subjective complaints are not a sound basis to find continuing residual impairment, absent some objective evidence of residual injury that prevents the claimant from returning to work." Thus, in its role as fact finder, the commission was entitled to give greater weight to Dr. Neal's opinion. His opinion constitutes credible evidence to support the commission's finding that, as of January 20, 1994, the claimant was no longer disabled from work.

The claimant's argument that Dr. Neal was not informed of the claimant's specific pre-injury job duties, and therefore, Dr. Neal's opinion was not credible, is without merit. There was no objective medical evidence that the claimant had any residual

impairment related to the industrial accident that prevented him from performing his pre-injury job.  Therefore, the commission was entitled to rely upon Dr. Neal's opinion.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
