COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

JORGE QUANT

v.   Record No. 0079-95-4                     MEMORANDUM OPINION[*]
                                                  PER CURIAM
THE SALVATION ARMY, INC.                       JULY 18, 1995
AND
RELIANCE NATIONAL INDEMNITY COMPANY

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Arturo Hernandez, on brief), for appellant.

              (Dawn E. Boyce; Trichilo, Bancroft, McGavin, Horvath &
              Judkins, on brief), for appellees.


        Jorge Quant contends that the Workers' Compensation

Commission erred in finding that (1) he was able to return to his

pre-injury work; and (2) he failed to prove that arthroscopic

surgery was reasonable and necessary.  Specifically, the claimant

argues that the commission erred in accepting the opinions of

other doctors over that of his treating orthopedic surgeon, Dr.

Mark W. Theiss.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        On appellate review, we must view the evidence in the light

most favorable to the prevailing party below.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1990). "[I]t is fundamental that a finding of fact made by the Commission is binding and conclusive upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

While we have stated that the opinion of the treating physician is entitled to great weight, Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986), the law does not require that the treating physician's opinion be accepted over that of others. Accordingly, the commission was entitled to accept the opinions of the independent orthopedic surgeons, Drs. Robert O. Gordon and Joseph D. Linehan, over that of the treating orthopedic surgeon, Dr. Theiss, to find that the claimant was capable of returning to his pre-injury work and that surgery was not reasonable or necessary.

The commission noted that, "[w]hile we are reluctant to rule against treatment recommended by a treating orthopedic surgeon, we are impressed in this case by the opinions of two physicians who indicate the claimant is exaggerating his symptoms." The commission also based its denial of recovery for the surgery upon the claimant's documented failure to fully cooperate with the independent orthopedic examinations, and upon the lack of

2

objective findings indicating a need for surgery at the present time.  The opinions of Drs. Gordon and Linehan constitute credible evidence to support the commission's decision.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>