COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

DICKENSON COUNTY MEDICAL CENTER
AND
FIDELITY & CASUALTY INSURANCE COMPANY

v.   Record No. 0570-95-3                MEMORANDUM OPINION[*]
                                              PER CURIAM
JANIE M. BELLER                         SEPTEMBER 19, 1995

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Paul C. Kuhnel; Woods, Rogers & Hazlegrove, on
                brief), for appellants.

                (Daniel Sachs, on brief), for appellee.


     Dickenson County Medical Center and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Janie M. Beller

(1) proved that her back condition was causally related to her

compensable March 21, 1994, injury by accident; (2) was entitled

to temporary total disability benefits after May 29, 1994; and

(3) adequately marketed her residual work capacity after

May 29, 1994.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

                        I. and II.  Disability

     On appeal, we view the evidence in the light most favorable

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the party prevailing below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]t

is fundamental that a finding of fact made by the Commission is

conclusive and binding upon this court on review.  A question

raised by conflicting medical opinion is a question of fact."

Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533

(1986).

The parties stipulated that Beller sustained a compensable

neck and shoulder injury on March 21, 1994.  The deputy

commissioner found that Beller failed to prove that her alleged

back condition was causally related to the March 21, 1994, injury

by accident.  The full commission based its finding of post-

May 31, 1994, partial disability upon Dr. Vanover's objective

findings documenting Beller's continuing neck and shoulder pain

and spasms.  In awarding compensation benefits to Beller, the

commission found the following:

> [W]e find that [Beller] continued to be
> partially disabled after May 31, 1994.
> Although Dr. [Mary C.] Luther released
> [Beller] to work, Dr. [Patricia H.] Vanover
> continued to document objective findings
> which establish that [Beller] cannot engage
> in the heavy lifting requirements of her job.
>  Even Dr. [Matthew W.] Wood, who saw [Beller]
> on one occasion, suggested work hardening if
> [she] is unable to work.

The evidence proved that Dr. Vanover saw Beller on

April 8, 1994, and May 12, 1994, at which time she diagnosed

acute cervical strain and acute L-S strain.  Dr. Vanover

attributed Beller's neck and shoulder pain to her compensable

2

March 21, 1994, injury by accident.  On June 16, 1994, Dr. Vanover released Beller to light duty, but stated that Beller could not return to her regular job requiring heavy lifting.  In June 1994, Dr. Vanover continued to document objective findings of neck and shoulder pain and spasms.  On June 27, 1994, Dr. Vanover reiterated her opinion that Beller was fit for light duty work, such as clerical work, but that she could not perform her regular duties.

In its role as fact finder, the commission was entitled to accept Dr. Vanover's opinion and to reject the contrary opinion of Dr. Luther.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  "The fact that there is conflicting evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  The medical records and opinions of Dr. Vanover constitute credible evidence to support the commission's finding that Beller remained partially disabled after May 31, 1994.

### III.  Marketing

The commission also found that Beller adequately marketed her residual work capacity after May 31, 1994.  "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case."  The Grief Companies v. Sipe, 16 Va.

3

App. 709, 715, 434 S.E.2d 314, 318 (1993).

Beller testified that as soon as she was released to work by Dr. Luther, she returned to employer asking that she be allowed to work. Employer refused to allow Beller to work in her regular job because it did not believe she was physically able to care for patients. Thereafter, Beller immediately sought employment from numerous stores in Haysi. Beller's testimony provides sufficient credible evidence to support the commission's finding that she adequately marketed her residual work capacity.

For these reasons, we find that the commission did not err in awarding temporary total disability benefits to Beller beginning March 21, 1994, and continuing. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>