COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Bray and Senior Judge Hodges


SUNNYSIDE PRESBYTERIAN HOME
AND
HEALTHCARE PROVIDERS GROUP SELF-INS. ASSOC.

v.   Record No. 2284-94-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
PHYLLIS M. SHIFFLETT                          NOVEMBER 7, 1995


                                        FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          (Cathleen P. Welsh; Wharton, Aldhizer & Weaver, on
          briefs), for appellants.

          (Terry L. Armentrout; Roger Ritchie & Partners, on
          brief), for appellee.


     Sunnyside Presbyterian Home and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission erred in finding that (1) Phyllis M.
Shifflett's bilateral carpal tunnel syndrome constituted a
"disease" as required for awarding compensation for an
occupational disease; and (2) her carpal tunnel syndrome met the
requirements under Code § 65.2-401 for a compensable ordinary
disease of life.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

                              I.

     The facts are not in dispute.  Shifflett worked for employer

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

as a certified nursing assistant for approximately nineteen years.  In her job, she lifted, turned, and washed patients.  In early 1991, she noticed symptoms of numbness in her hands and fingers.  She did not seek medical treatment until February 1993.  At that time, she was examined by Dr. Glenn E. Deputy, a neurologist.  On March 19, 1993, Dr. Deputy diagnosed bilateral carpal tunnel syndrome.  He referred Shifflett to Dr. Galen G. Craun, Jr., an orthopedic surgeon.  On April 27, 1993, Shifflett underwent carpal tunnel release surgery.  Drs. Deputy and Craun opined that Shifflett's condition was caused by the repetitious use of her hands required in her employment.

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 69, 461 S.E.2d 431, 433 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993).  As in Perdue, Shifflett's condition did not present as an obvious, sudden, mechanical or structural change in her body.  Based upon our holding in Perdue and upon the diagnoses of Drs. Deputy and Craun, we conclude that credible evidence supports the commission's finding that Shifflett's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

## II.

Furthermore, the commission did not err in treating

2

Shifflett's disease as a compensable ordinary disease of life under Code § 65.2-401. For an ordinary disease of life to be treated as a compensable occupational disease, a claimant is required to prove, by clear and convincing evidence, to a reasonable degree of medical certainty, that the disease arose out of and in the course of the employment; did not result from causes outside of the employment; is characteristic of the employment; and was caused by conditions peculiar to the employment. Id.

"Whether a disease is causally related to the employment and not causally related to other factors . . . is a finding of fact." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988). When there is credible evidence to support it, such a finding is "conclusive and binding" on this Court. Id. Moreover, "[a] question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

The medical records and reports of Drs. Deputy and Craun, the treating physicians, provide credible evidence to support the commission's finding that Shifflett proved by clear and convincing evidence that her disease met the requirements of Code § 65.2-401 for a compensable ordinary disease of life. In its role as fact finder, the commission was entitled to accept the opinions of Drs. Deputy and Craun, and to reject the opinions of the three physicians who reviewed Shifflett's records at

employer's request, but who did not examine Shifflett.  In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion."  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986).

For the reasons stated, we affirm the commission's decision.

Affirmed.