COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia

WALTER EVERETT CHILDRESS

v.          Record No. 0149-95-3          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
APPALACHIAN POWER COMPANY                     FEBRUARY 13, 1996

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Jerry O. Talton for appellant.

          Richard D. Lucas (Abigail L. Perkins; Woods,
          Rogers & Hazlegrove, P.L.C., on brief), for
          appellee.


     Walter Childress appeals from the commission's opinion which
relieved Appalachian Power, his employer, from liability for
certain medical expenses.  Childress claims that this issue was
not properly before the commission.  Employer cross-appeals from
a separate finding that Childress did not unjustifiably refuse
medical treatment.  On the first issue, we find that the medical
expenses were not properly before the commission, and we vacate
that portion of the commission's decision.  We further find that
Childress did not unjustifiably refuse medical treatment and
affirm the commission on that issue.

     Childress suffered a compensable injury in 1985 while
working for Appalachian Power and, over the course of several
years, experienced recurrent disability.  In 1994, Childress

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

refused a selected employment position offered by his employer. In addition, he had begun seeing a psychiatrist and seeking medical treatment from a physician not listed on the employer's offered panel. The employer filed applications for a hearing, claiming that: (1) Childress unjustifiably refused the proffered selected employment; and (2) by seeking treatment with an unauthorized physician, Childress had in effect refused medical treatment.

The commission, on review, found that Childress had not refused the selected position without justification. It also found, however, that Childress' psychological problems and additional medical treatment were not compensable by the employer.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[I]t is fundamental that a finding of fact made by the commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Department of Corrections v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). The fact that no contrary evidence exists in the record is of no consequence if credible evidence supports the commission's finding. Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The commission determined that Childress was physically

incapable of returning to the selective employment. It based this determination upon submitted medical records from several physicians. Credible evidence does exist to support the commission, and its decision must be affirmed.

The commission also found that Childress' additional expenses were not the employer's responsibility. This finding, however, was inappropriate for the commission to make. No claim for benefits for those expenses had been made. The only issues on the employer's application for hearing were the refusal of the selected employment and the refusal of medical treatment. The commission found that the refusal of selective employment was not unjustified. The deputy commissioner properly decided that seeking unauthorized care does not equate with an unjustified refusal of medical treatment. Davis v. Brown & Williamson Tobacco Co., 3 Va. App. 123, 126, 348 S.E.2d 420 (1986). After those two issues were settled, the commission had no reason to make further findings, especially as no claim for benefits for those expenses had been made.

Accordingly, the commission's decision with respect to the compensability of the psychological disability and the additional medical expenses is vacated. The parties are free to initiate other proceedings to address this issue if they be so advised.

Affirmed in part, reversed in part.