COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


WOODWARD & LOTHROP
AND
TRAVELERS INDEMNITY COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 2752-95-4                    PER CURIAM
                                             MAY 14, 1996
SCOTT WAYNE TALBOTT


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (M. Lynn McHale; Siciliano, Ellis, Dyer & Boccarosse,
          on brief), for appellants.

          (Metin A. Cay; Swiger & Cay, on brief), for appellee.


     Woodward & Lothrop and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that Scott Wayne Talbott ("claimant")

proved that back fusion surgery to be performed by Dr. Paul

Griffith was reasonable and necessary treatment of claimant's

compensable injury by accident.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

if supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  "A question raised by conflicting medical opinion is a question of fact."  Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

In its role as fact finder, the commission was entitled to accept the opinions of Drs. Griffith, Eli M. Lippman, and Mark S. Rosenthal that the fusion surgery was reasonable and necessary, and to reject the contrary opinions of Drs. Neil Kahanovitz, Richard S. Materson, and John B. Cohen.  The opinions of Drs. Griffith, Lippman, and Rosenthal constitute credible evidence to support the commission's decision.  The existence of "contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

We find no merit in employer's argument that the commission erred in not giving more weight to the opinion of Dr. Kahanovitz, a treating physician.  The record showed that Dr. Griffith, who unequivocally recommended that claimant undergo the surgery, had treated claimant since his December 1990 accident.  Dr. Kahanovitz did not begin treating claimant until May 1992.  Drs. Lippman and Rosenthal had also treated and examined claimant in arriving at their conclusions.

For these reasons, we affirm the commission's decision.

Affirmed.

2