COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

YOKOHAMA TIRE CORPORATION
AND
TRAVELERS INDEMNITY COMPANY
 OF ILLINOIS                          MEMORANDUM OPINION[*]
                                          PER CURIAM
v.        Record No. 3012-95-3        JULY 2, 1996

KAREN CAMPBELL BLANKENSHIP


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Richard D. Lucas; Woods, Rogers &
               Hazlegrove; Carter, Brown & Osborne, on
               briefs), for appellants.

               (Rhonda L. Overstreet; Lumsden & Overstreet,
               on brief), for appellee.


     Yokohama Tire Corporation and its insurer (hereinafter referred to as employer) contend that the Workers' Compensation Commission erred in holding employer responsible for the cost of Karen Campbell Blankenship's (claimant) May 18, 1995 cervical fusion surgery.  Employer argues that (1) the surgery was not reasonable and necessary as required by Code § 65.2-603; and (2) the commission erred as a matter of law in shifting the burden of proving the reasonableness and necessity of the surgery from claimant to employer.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision.  Rule

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

5A:27.

On appellate review, we must view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[I]t is fundamental that a finding of fact made by the commission is binding and conclusive upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

The commission was entitled to accept the opinions of claimant's treating physiatrist, Dr. Verna Lewis, and her treating orthopedic surgeon, Dr. Hallett H. Mathews, and to reject the contrary opinions of Drs. Laurence I. Kleiner, John A. Feldenzer, Murray E. Joiner, and Herbert W. Park. The opinions of Drs. Kleiner and Feldenzer date to June and July 1994. Moreover, the conservative treatment they recommended, which Dr. Lewis followed during the six-month period after they rendered these opinions, proved unsuccessful. Dr. Joiner examined claimant on one occasion at the request of employer. The commission correctly noted that Dr. Joiner's suggestion that claimant's symptoms were not real and that she was motivated by secondary gain conflicted with evidence indicating that she had

2

continually tried to return to work and had endured various forms of treatment, including physical therapy, work hardening, and injections. Dr. Park, hired by employer to perform a medical record review, never examined claimant. In addition, he acknowledged that his conclusions were made prior to receiving claimant's complete medical records and that he wanted to give employer "other steps to resolve the case," but that he wanted to "discuss this subject first." In its role as fact finder, the commission was entitled to infer from these facts that Dr. Park lacked objectivity and may have been biased against claimant. The opinions of Drs. Lewis and Mathews provide credible evidence to support the commission's finding that the May 18, 1995 cervical fusion surgery was reasonable and necessary. Accordingly, the commission did not err in holding employer responsible for the cost of the surgery.

Employer's argument that the commission erred in shifting the burden of proof is without merit. Once claimant proved, through the opinions of her treating physiatrist and orthopedic surgeon, that the surgery was reasonable and necessary, the commission did nothing more than require employer to rebut claimant's evidence.

For the reasons stated, we affirm the commission's decision.

Affirmed.