COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

REYNOLDS METALS COMPANY
AND
INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA                          MEMORANDUM OPINION[*]
                                                PER CURIAM
v.    Record No. 0353-96-3                   AUGUST 6, 1996

RALPH ALLEN FRYE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Kathryn Spruill Lingle; Midkiff & Hiner, on
                brief), for appellants.

                (Ginger Jonas Largen; Morefield, Kendrick,
                Hess & Largen, on brief), for appellee.


        Reynolds Metals Company and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that it failed to prove

that Ralph Allen Frye was able to return to his pre-injury work

as of February 2, 1995.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence.'" <u>Great Atl. & Pac. Tea Co. v. Bateman</u>, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Furthermore, "it is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." <u>Commonwealth v. Powell</u>, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

The commission accepted the opinions of Drs. Neal A. Jewell and Pierce D. Nelson. Their opinions support the commission's conclusion that Frye was not able to fully perform all of the duties of his pre-injury work as of February 2, 1995. In its role as fact finder, the commission rejected the contrary opinion of Dr. Jim C. Brasfield. "Questions raised by conflicting medical opinions must be decided by the commission." <u>Penley v. Island Creek Coal Co.</u>, 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

The restrictions Dr. Jewell placed upon Frye's physical abilities in 1992 and 1995 were consistent with a 1991 strength evaluation report. The record supports the commission's finding that no evidence showed that Frye's condition had improved significantly since the 1991 study. Therefore, the commission did not err in relying upon the study, which supports the commission's finding that Frye's pre-injury work was unsuitable to his residual capacity.

2

Based upon this record, we cannot conclude as a matter of law that employer's evidence sustained its burden of proving that Frye was able to return to his pre-injury work as of February 2, 1995. <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970). Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

3