COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


PEOPLES DRUG STORES, INC.
AND
PACIFIC EMPLOYERS' INSURANCE            MEMORANDUM OPINION[*]
 COMPANY                                     PER CURIAM
                                         FEBRUARY 18, 1997
v.          Record No. 1677-96-4

JOSEPH COUSAR


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Douglas A. Seymour, on brief), for
                appellants.

                (John C. Duncan, III; Duncan and Hopkins, on
                brief), for appellee.


     Peoples Drug Stores, Inc. and its insurer (jointly referred

to herein as employer) contend that the Workers' Compensation

Commission (commission) erred in (1) awarding Joseph Cousar

(claimant) permanent total disability benefits pursuant to Code

§ 65.2-503(C)(3) based upon its finding that claimant sustained a

permanent and irreversible brain injury causally related to his

July 22, 1985 compensable injury by accident, and (2) refusing to

consider Dr. Bryan A. DeFranco's September 18, 1995 addendum to

his June 16, 1995 MRI report.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinions of claimant's treating physicians, Drs. Najmaldin O. Karim, Anne C. Gawne, and Renana E. Brooks. The commission was also entitled to reject the opinion of independent medical examiner Dr. Ramon B. Jenkins, who examined claimant on two occasions at employer's request. In cases of conflicting medical evidence, "'[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'" Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted). The medical records and opinions of Drs. Karim, Gawne, and Brooks constitute credible evidence to support the commission's finding that claimant sustained permanent and irreversible brain damage

as a result of the July 22, 1985 work accident, and that claimant's brain damage has rendered him permanently unemployable. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.

In ruling that the deputy commissioner erred in granting employer's motion to reopen the record for consideration of Dr. DeFranco's September 18, 1995 addendum to the June 16, 1995 MRI report, the full commission found as follows:

> We first note that the June 16, 1995 MRI report has not been filed with the Commission as required by Rule 4.2. It is not clear whether the claimant possessed a copy of that document, but the employer's petition to reopen the record acknowledges that it had the report prior to the hearing, since it contacted Dr. DeFranco on August 25, 1995 to ask that he review it in view of Dr. Staples' August 17, 1995 contrary interpretation. We find it significant that the employer had arranged for the reconsideration review by Dr. DeFranco before the evidentiary hearing, but did not advise the Commission or the claimant or request that the record be left open to receive it, until the report favorable to its position was generated. We find on these facts that the request to admit such post hearing evidence should have been presented at the evidentiary hearing, and the request made afterwards was untimely. . . . [W]e find that the additional evidence from Dr. DeFranco was not timely made known to the claimant or presented to the Commission, and the claimant was deprived of an opportunity to cross-examine that "surprise" evidence.

Based upon these factual findings, which are supported by

3

credible evidence, we cannot say as a matter of law that the commission abused its discretion in finding that the deputy commissioner erred in granting employer's motion to reopen the record.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

4