COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


CORTE COMPANY, INC.
AND
TRANSPORTATION INSURANCE COMPANY
                                         MEMORANDUM OPINION[*]
v.   Record No. 0440-97-3                     PER CURIAM
                                             JUNE 24, 1997
FRED EUGENE HOLDREN

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Jennifer G. Marwitz; Law Offices of Richard A.
              Hobson, on brief), for appellants.

              (Donald R. Johnson; Donald T. Caruth;
              Brewster, Morhouse & Cameron, on brief), for
              appellee.


         Corte Company, Inc. and its insurer (hereinafter

collectively referred to as "employer") appeal a decision of the

Workers' Compensation Commission (commission) awarding permanent

total disability benefits to Fred Eugene Holdren (claimant)

pursuant to Code § 65.2-503.  Employer contends that the

commission erred in finding that claimant proved (1) he is

permanently and totally disabled from gainful employment due to

his loss of vision in both eyes; and (2) the loss of vision in

his right eye was caused by his compensable February 6, 1987

injury by accident.  Finding no error, we affirm.

         On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

_____

         [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." <u>Commonwealth v. Powell</u>, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "Questions raised by conflicting medical opinions must be decided by the commission." <u>Penley v. Island Creek Coal Co.</u>, 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In holding that claimant proved he is not able to use his eyes in any substantial degree in gainful employment and in awarding permanent total disability benefits to claimant, the commission made the following findings:

> [I]t is uncontradicted that claimant is legally blind. Even the carrier's rehabilitation expert suggests a sheltered workshop for the blind as an appropriate initial vocational placement. Dr. [Yasier] Kanawati has clearly stated that the claimant's vision problems stem from the accident, and we so find, notwithstanding Dr. [Stephen H.] Blaydes' questioning regarding the precise mechanism of injury to the right eye.

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinion of claimant's treating physician, Dr. Kanawati. The commission was also entitled to reject the opinion of independent medical examiner, Dr. Blaydes, who examined claimant on one occasion at employer's request. In cases of conflicting medical evidence, "'[t]he general rule is that when an attending physician is

positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'"  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted).  The medical records and opinions of Dr. Kanawati constitute credible evidence to support the commission's finding that claimant sustained permanent and total disability as a result of the February 6, 1987 work accident, which rendered him unable to use his eyes in any substantial degree in any gainful employment.

For these reasons, we affirm the commission's decision.

Affirmed.