COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Bumgardner


JOHN CHARLES HARRIGER

                                          MEMORANDUM OPINION[*]
v.    Record No. 2806-97-3                    PER CURIAM
                                           APRIL 14, 1998
PEPSI-COLA GENERAL BOTTLERS/WHITMAN
 CORPORATION AND BIRMINGHAM FIRE
 INSURANCE COMPANY OF PENNSYLVANIA


                               FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          (Ginger Jonas Largen; Morefield, Kendrick,
          Hess & Largen, on brief), for appellant.

          (Ramesh Murthy; Penn, Stuart & Eskridge, on
          brief), for appellees.


     John Charles Harriger ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in

terminating his compensation benefits on the ground that he was

released to return to his pre-injury employment as of December

19, 1996.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]t

is fundamental that a finding of fact made by the Commission is

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

conclusive and binding upon this court on review.  A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

The evidence established that on June 5, 1994, claimant sustained a compensable back injury while working for Pepsi-Cola General Bottlers ("employer") as a route salesman.  On December 19, 1996, Dr. Jeffrey R. McConnell, an orthopedic surgeon, approved a job description allowing claimant to return to his pre-injury work without restrictions.  On January 3, 1997, Dr. Robert V. Clampitt, claimant's treating family physician, deferred to Dr. McConnell's opinion, from an orthopedic standpoint, regarding claimant's ability to return to work.

Dr. Neil P. Dubner, a psychiatrist who began treating claimant on August 31, 1995, diagnosed claimant as suffering from a major depressive disorder and pain disorder caused by his compensable injury.  On January 6, 1997, for the first time, Dr. Dubner opined that claimant's major depression rendered him unable to work from a psychiatric standpoint.  On March 26, 1997, Dr. Paul R. Kelley, a neuropsychiatrist, examined claimant at employer's request.  Dr. Kelley opined that claimant did not suffer from any psychiatric illness.  Dr. Kelley noted claimant's anger and rage directed toward employer, but concluded that this anger and rage were not due to the work-related accident.  Dr. Kelley concluded that from a psychiatric standpoint, claimant

could return to work.

The opinions of Drs. McConnell and Kelley constitute credible evidence to support the commission's finding that claimant was released to perform his pre-injury work as of December 19, 1996. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The commission, as fact finder, was entitled to accept the opinions of Drs. McConnell and Kelley and to reject the contrary opinion of Dr. Dubner. As the commission correctly noted, although Dr. Dubner had treated claimant since August 1995, he did not offer an opinion that claimant was disabled until about two weeks after Dr. McConnell's release. Moreover, the medical records showed that claimant's psychiatric difficulties could have been due to factors other than his work injury.

For these reasons, we affirm the commission's decision.

Affirmed.

3