COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


GOODYEAR TIRE & RUBBER COMPANY
AND
TRAVELERS INDEMNITY COMPANY OF ILLINOIS
                                       MEMORANDUM OPINION[*]
v.   Record No. 1649-98-3                 PER CURIAM
                                       DECEMBER 8, 1998
ARTHUR RAY DEEL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Gregory T. Casker; Daniel, Vaughan, Medley &
               Smitherman, P.C., on brief), for appellants.

               No brief for appellee.


     Goodyear Tire & Rubber Company and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Arthur Ray Deel

("claimant") proved that his compensable right upper extremity

injury had reached maximum medical improvement, and, therefore,

he was entitled to an award of permanent partial disability

benefits based upon a thirty-three percent permanent partial

impairment rating.  Upon reviewing the record and employer's

brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

--------

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).

In granting claimant's application, the commission found as follows:

> [T]he claimant sustained a brachial plexus injury as a result of the industrial accident, and . . . this injury has reached maximum medical improvement. The claimant's injury occurred over four years ago. As of December 16, 1994, Dr. [Kenneth R.] Zaslav unequivocally opined that the claimant's injury was permanent and required no further treatment. Aside from treatments aimed at pain control, no physician has made specific suggestions that would indicate that the brachial plexus lesion will improve. Significantly, two physicians have assigned permanent partial impairment ratings to the claimant's right upper extremity. We conclude that the ratings should be averaged for a 33% permanent partial impairment rating . . . .

In its role as fact finder, the commission was entitled to accept Dr. Zaslav's opinions and to reject any contrary medical evidence. Dr. Zaslav's opinion that claimant's compensable injury had reached maximum medical improvement and his fifty percent impairment rating, coupled with Dr. Stephen Leivobic's sixteen percent impairment rating, constitute credible evidence to support the commission's factual findings. Thus, those findings are binding upon us on appeal. See id.

- 2 -

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.