COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


UNITED AIRLINES, INC.
                                    MEMORANDUM OPINION* BY
v.    Record No. 1902-00-2        JUDGE JERE M. H. WILLIS, JR.
                                          MARCH 20, 2001
RICHARD G. RICE, JR.


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Michael N. Salveson (Hunton & Williams, on
            brief), for appellant.

            (Benjamin M. Smith, Jr.; Kilgore & Smith, on
            brief), for appellee.  Appellee submitting on
            brief.


     United Airlines, Inc., (United) appeals from a decision of

the Workers' Compensation Commission, reversing the opinion of

the deputy commissioner, and denying its application alleging a

change in condition.  United contends that the commission erred

in finding that Richard G. Rice, Jr., could not return to his

pre-injury employment as of April 19, 1999.  We reverse the

commission's decision.

                        I.   BACKGROUND

     On November 8, 1995, Rice sustained compensable injuries to

his left shoulder and right foot while employed as a ramp

serviceman for United.  Awards were entered in his favor, first

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

for temporary total disability and then for temporary partial disability.

On June 21, 1999, United filed a change-in-condition application alleging that Rice could return to his pre-injury employment as of April 19, 1999, and seeking termination of his award. United based its application on the medical reports of Dr. Edward G. Alexander, Jr., dated April 19, 1999 and May 25, 1999.

The deputy commissioner terminated Rice's award, holding that United had proved by a preponderance of the evidence that Rice was capable of returning to his pre-injury employment as of April 19, 1999.

The full commission reversed the opinion of the deputy commissioner, holding that the preponderance of the evidence proved that Rice cannot perform his pre-injury employment.

## II.  ANALYSIS

On appellate review, we view the evidence in the light most favorable to the party prevailing below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The commission's findings of fact are binding and conclusive on appeal when supported by credible evidence.  See Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986) (citations omitted).  "General principles of workman's compensation law provide that '[i]n an application for review of

- 2 -

any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987).

In holding that United failed to prove that Rice could return to his pre-injury employment, the commission stated:

> [Rice's] treating physician, Dr. Alexander, assigned permanent restrictions of no lifting over 30 pounds and no overhead work effective February 1, 1996.  In May 1999, Dr. Alexander "estimated" [Rice's] present functional capacity and concluded that he would be able to perform his preinjury employment, effectively lifting all restrictions.  However, he clearly attributed the ongoing complaints of pain to the compensable accident.  On June 28, 1999, after [Rice] expressed concern that he would not be able to perform his preinjury employment consistently, Dr. Alexander amended his opinion to reflect that there was a "good probability that [Rice] could not consistently perform [his preinjury] job functions without missing time from work. . . ."  This opinion is buttressed by the actual FCE findings, which reflect that he is unable to lift up to 70 pounds, as his preinjury employment requires.
>
> Although Dr. Freedman disagreed with Dr. Alexander's June 28, 1999, caveat, we place greater weight on Dr. Alexander's opinion, as he has been the treating physician for over four years.  Furthermore, we note that Dr. Freedman did not have the benefit of the October 6, 1999, FCE findings or a copy of [Rice's] preinjury job description.
>
> Dr. Alexander's opinion that there is a "good probability" that [Rice] cannot consistently perform his preinjury job

- 3 -

> functions without missing time from work, in essence suggests that he is no longer able to do the job.  Thus, we find that [Rice] has not been released to his preinjury employment.

(Citation omitted.)

In May 1999, Dr. Alexander released Rice to his pre-injury employment.  His June 28, 1999 opinion expressed concern that there was "a good probability" that Rice might, in the future, miss some time from work, was mere supposition, a prospective concern that disability might reoccur.  That eventuality may not come to be.  If it does, upon proper proof, an appropriate award may be made.  If it does not, no further award is appropriate.

The decision of the commission is reversed.  The commission is directed to enter an order granting United's application and terminating Rice's award.

Reversed.
