COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


COLEMAN HOMES, INC. AND
 CINCINNATI CASUALTY COMPANY

MEMORANDUM OPINION*

v.        Record No. 1769-06-2                      PER CURIAM
                                                    DECEMBER 19, 2006

WILLIAM JASON LYNCH


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Calvin W. Fowler, Jr.; Misty D. Evans; Williams Mullen, A
Professional Corporation, on briefs), for appellants.

(Wesley G. Marshall, on brief), for appellee.


Coleman Homes, Inc. and its insurer appeal a decision of the Workers' Compensation

Commission finding that William Jason Lynch proved permanent and total work incapacity

causally related to his October 14, 1993 work-related brain injury. Essentially, appellants

contend the commission erred in accepting the testimony of claimant's treating physicians and

not that of their medical experts.

"A question raised by conflicting medical opinion is a question of fact." Dep't of Corr. v.

Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "Decisions of the commission as to

questions of fact, if supported by credible evidence, are conclusive and binding on this Court."

Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "The fact

that there is contrary evidence in the record is of no consequence." Wagner Enters., Inc. v.

Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991); see also American Filtrona Co. v.

Hanford, 16 Va. App. 159, 428 S.E.2d 511 (1993). The commission gave greater weight to the

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

opinion of claimant's treating physicians. See United Airlines, Inc. v. Sabol, 47 Va. App. 495, 501, 624 S.E.2d 692, 695 (2006) (holding that the commission, in weighing the medical evidence, is entitled to "give[] great weight to the treating physician's opinion").

We have reviewed the record and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. See Lynch v. Coleman Homes, Inc., VWC File No. 165-92-78 (June 23, 2006). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.