COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

B E & K CONSTRUCTION COMPANY AND
 ST. PAUL FIRE AND MARINE
 INSURANCE COMPANY

MEMORANDUM OPINION*

v.   Record No. 2575-96-3                    PER CURIAM
                                          FEBRUARY 25, 1997

MAYNARD WINTON PERRY

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Jonnie L. Speight; Johnson, Ayers &
Matthews, on brief), for appellants.

(William T. Wilson; Nolan R. Nicely, Jr.;
Wilson & Updike, on brief), for appellee.

B E & K Construction Company and its insurer (hereinafter collectively referred to as "employer") contend that the Workers' Compensation Commission erred in finding that employer failed to prove that as of October 25, 1995 Maynard Winton Perry was no longer disabled from his pre-injury work.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegation by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).[1]  Furthermore, "it is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review.  A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991).

On appellate review, we construe the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Based on evidence in the record, the commission found that Perry could not perform his pre-injury job.  The opinions of the treating physicians, Dr. Weidman, an orthopedist, and Dr. Harry Kornhiser, a psychiatrist, support this finding.  The commission, in its role as fact finder, was entitled to accept

---

[1]Employer argues in its brief that because evidence showed that Dr. Clare Weidman released Perry to light work as of January 18, 1994, Perry bore the burden of proving he marketed his residual capacity after that date.  Employer asserts that Perry did not present any evidence of marketing efforts, and, therefore, employer should have prevailed on its application. However, this case was before the commission on employer's application alleging that Perry was no longer disabled due to his industrial injury and that he could return to his pre-injury work.  With respect to the issue before the commission, Perry was not required to prove he marketed his residual capacity.  Rather, employer bore the burden of proving Perry could return to his pre-injury work without restrictions.

the opinions of Drs. Weidman and Kornhiser and to reject the contrary opinions of the independent medical examiners. Dr. Murray E. Joiner, Jr. and Dr. Robert Brown, the independent medical examiners, each examined Perry on only one occasion. Because Drs. Weidman and Kornhiser were treating physicians, the commission was justified in giving their opinions greater weight. See Reeves, 1 Va. App. at 439, 339 S.E.2d at 572.

Employer argues that the content of surveillance videotapes of Perry and Perry's misrepresentations to his treating physicians required that the commission reject the opinions of Drs. Weidman and Kornhiser. However, the treating physicians reviewed the surveillance videotapes of Perry and weighed any effect the videotapes might have upon their opinions. The content of the videotapes did not change the opinions of the treating physicians.

In addition, the commission reviewed the videotapes and found "that the activities shown do not duplicate the requirements of the claimant's pre-injury job, which involves extensive overhead labor." This finding is supported by the record. In addition to viewing the videotapes, the commission took into account in rendering its decision, the fact that Perry had not been particularly forthright with his physicians. On appeal this Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v.

- 3 -

Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  The commission's resolution of those factual issues is binding on this Court.  Powell, 2 Va. App. at 714, 347 S.E.2d at 533.

For the reasons stated, we affirm the commission's decision.

Affirmed.