**Norfolk**

JAMES A. RIDENHOUR

v.

CITY OF NEWPORT NEWS

No. 0376-90-2

Decided April 30, 1991

COUNSEL

Gregory S. Hooe (Traylor & Morris, on brief), for appellant.

Collins L. Owens, Jr., Senior Assistant City Attorney (Verbena M. Askew, City Attorney, on brief), for appellee.

OPINION

WILLIS, J.—In this appeal we hold that it is not required that a workers' compensation claimant who suffers partial disability be informed by his physician that he may undertake restricted work in order for him to be obligated to make reasonable efforts to market his residual skills.

On September 18, 1988, while employed by the City of Newport News, the claimant, James A. Ridenhour, experienced a compensable industrial injury. As a result of this injury he suffered post-traumatic stress disorder, causing him to be totally disabled from October 3, 1988 through November 27, 1988. The employer contends that as of the latter date, the claimant was able to return to restricted work, but that he failed to make reasonable efforts to market his residual skills and, therefore, is not entitled to benefits after that date. The Industrial Commission found that the claimant received a copy of a letter dated January 18, 1989, written by his attending physician, Dr. Patrick D. Thrasher, to the employer's representative, stating that the claimant was generally recovered but should not return to work as a medic. Finding that the claimant was thereby on notice that he could return to work which did not involve the imposition of severe stress, the commission further found that he had thereafter failed to make reasonable efforts to market his residual skills, and terminated his compensation effective January 12, 1989.

The claimant contends that he was never released by his attending physician to return to limited duty work, and, therefore, had no obligation to market his residual skills. He contends that he is entitled to compensation through May 31, 1989, after which date he was self-employed. The employer contends that the evidence shows that the claimant was able to return to light duty work on November 28, 1988, and that his duty to market his residual skills arose then. It argues that the commission erred in refusing to im-

pose that obligation on the claimant prior to his receiving notice from Dr. Thrasher that he was released to light duty work.

Total disability exists when the claimant is disqualified from pursuing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Yet his inability to market his remaining capacity for work must be made to appear before total incapacity payments are warranted under § 65-51 [now § 65.1-54]. The issue of whether a workman, who is partially physically incapacitated, is able to obtain employment requires proof that a reasonable effort to procure work has been made.

*Pocahontas Fuel Co. v. Barbour*, 201 Va. 682, 684, 112 S.E.2d 904, 906 (1960).

■ "What is reasonable in one area, or in one industry, or even in one season might not be reasonable in another. The employee must obviously exercise reasonable diligence in seeking employment, and what is reasonable in a given case will depend upon all of the facts and surrounding circumstances. An important factor is the physical condition and the limitations placed upon the employee by his physicians." *Great Atl. & Pac. Tea Co. v. Bateman*, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987).

The Industrial Commission noted that the claimant, by notation on the letter itself and by his own testimony, received a copy of Dr. Thrasher's January 18, 1989 letter, which stated:

Mr. Ridenhour is generally recovered from the psychiatric problems he was suffering; however, it is recommended that he not return to his previous position as a medic, since returning to that job will ultimately result in a return of his stress-related illness. Mr. Ridenhour believes that he could return to work as a firefighter, even though he might from time to time face calls for medical emergencies, since the frequency of these calls would be greatly reduced.

The commission further found, based on the claimant's own testimony, that during his visits to Dr. Thrasher, which had occurred November 28, 1988, December 16, 1988, and January 12, 1989, the claimant discussed with Dr. Thrasher his employability on a basis involving minimal stress. The commission found that as of

January 12, 1989, the claimant was on notice that he had employable skills and should seek employment of a type that would not impose upon him the stresses which had caused his disability. The commission further found that the claimant had failed to make the required reasonable effort to market those skills. These determinations are supported by the evidence and will not be disturbed on appeal. *See McCaskey v. Patrick Henry Hosp.*, 225 Va. 413, 304 S.E.2d 1 (1983).

■ The commission refused to consider whether the claimant had forfeited his right to compensation by failing to make reasonable efforts to market his residual skills prior to the date on which it found that he was given notice by his attending physician that he possessed such skills and was released to employ them. Citing its decision in *Sims v. Valleydale Packers, Inc.*, 67 O.I.C. 185 (1988), the commission held: "A claimant must be informed that he has been released to return to light work before the burden is upon him to seek such employment." This was error. In *Bateman*, we were invited to "fix guidelines to aid in making a determination as to what constitutes a 'reasonable effort' to market 'remaining work capacity.'" 4 Va. App. at 467, 359 S.E.2d at 102. We declined to do so because of the multitude of factors involved. The test is not a bright line such as a specific notice to the claimant, but rather is an analysis of his efforts in the context of reasonableness. As we said in *Bateman*, this must depend on all of the facts and surrounding circumstances. This would necessarily include consideration of the claimant's perception of his condition, his abilities, and his employability, and of the basis for that perception.

The judgment of the Industrial Commission is reversed and this case is remanded to it for determination as to when the claimant's disability became partial and he became employable and an analysis of the reasonableness of his efforts thereafter to market his residual skills.

*Reversed and remanded.*

Baker, J., and Moon, J., concurred.