COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


CASEY H. STAMPER

v.   Record No. 0228-96-4                    MEMORANDUM OPINION*
                                                PER CURIAM
WILLIAMS INDUSTRIES, INC., T/A               JULY 30, 1996
 WILLIAMS ENTERPRISES,
 FAIRFIELD BRIDGE COMPANY
 AND NATIONAL UNION FIRE
 INSURANCE COMPANY OF PITTSBURGH


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Patrick M. Regan; Koonz, McKenney, Johnson &
            Regan, on brief), for appellant.

            (L. W. Hiner; Scott C. Ford; Midkiff & Hiner,
            on brief), for appellee Williams Industries,
            Inc., t/a Williams Enterprises.

            (Lisa C. Healey; Siciliano, Ellis, Dyer &
            Boccarosse, on brief), for appellees
            Fairfield Bridge Company and National Union
            Fire Insurance Company of Pittsburgh.


        Casey H. Stamper ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in not awarding him

temporary total disability benefits after April 2, 1993.  He

argues that the commission erred in finding that he (1) was

capable of performing light duty work after April 2, 1993, but

failed to market his residual capacity; and (2) failed to prove

that treatment for alleged psychological problems rendered to him

by Dr. Andrew A. Schiavone, Jr. was causally related to his

───────────────
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

compensable October 8, 1992 injury by accident. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Claimant had the burden of proving by a preponderance of the evidence that he remained totally disabled from performing any occupation after April 2, 1993. Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 197, 199, 173 S.E.2d 833, 835 (1970).

In denying claimant's request for an award of temporary total disability benefits after April 2, 1993, the commission found as follows:

> A review of Dr. [Herbert E.] Lane's medical reports from March 1993 reveals no findings of disability prior to April 22, 1994. Although the claimant was diagnosed with a herniated disc at L5-S1 and continued to voice subjective complaints of lower back pain, [Dr. Lane] noted that these complaints did not correlate with his objective findings on examination.
>
> The record, at best, reflects that the claimant was able to perform light-duty work after April 2, 1993, based on Dr. Lane's medical reports and the FCE [functional capacity evaluation] performed on May 25, 1993. Specifically, we note the Disability

2

Pension Examination Report and the supporting medical record from April 22, 1994, which, when read together, leads to the conclusion that [claimant] is unable to perform his preinjury work, not that he is disabled from performing all work. This conclusion is supported by Dr. Lane's report of August 30, 1994, wherein he opined that the claimant was disabled from his "regular occupation" rather than "any occupation." Finally, Dr. [Myron D.] Tremaine opined that [claimant] could perform light-duty work with restrictions.

These findings are supported by the medical records of Drs. Lane and Tremaine and the May 25, 1993 FCE report, which established that claimant could perform sedentary work. Accordingly, we cannot say as a matter of law that the claimant's evidence proved that he remained totally disabled after April 2, 1993.

A claimant who is capable of performing light duty work has the burden of proving that he made a reasonable effort to procure suitable work, but was unable to market his remaining work capacity. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993).

Claimant admitted that he did not look for any type of work after April 2, 1993. However, he contends that because his physicians did not inform him of any specific work restrictions, he had no duty to market his residual capacity. We disagree.

In Ridenhour v. City of Newport News, 12 Va. App. 415, 418,

3

404 S.E.2d 89, 91 (1991), we held that it is not necessary for a physician to have informed a partially disabled employee that he has been released to light duty work before he has the burden of marketing his residual work capacity. Rather, a reasonableness test, which takes into account all the facts and surrounding circumstances, should be used to review a claimant's marketing efforts. Id.

The May 25, 1993 FCE report revealed that claimant could perform sedentary work. The FCE report also detailed specific work restrictions and contained a notation that "client was briefed upon completion of the evaluation regarding the objective outcome." During the FCE, claimant reported his goal was "[t]o get back to work." He also stated, "I told my doctor to find me a job where I can sit down whenever I want to; I can smoke or eat whenever I want to; where I can take a nap when I need to, and make over $25.00 an hour. Then I can work." Based upon the content of the FCE report, the commission could reasonably infer that claimant knew that his physicians believed he could perform light duty work, and that he had knowledge of his specific work restrictions. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Based upon this record, we cannot say as a matter of law that the commission erred in denying claimant temporary total

4

disability benefits after April 2, 1993 on the basis that he failed to adequately market his residual capacity after that date.

## II.

The commission found that claimant failed to prove that Dr. Schiavone's psychiatric treatment, beginning November 15, 1994, was causally related to his compensable October 8, 1992 injury by accident. In so ruling, the commission rejected Dr. Schiavone's opinion that claimant's depression was secondary to chronic pain.

In its role as fact finder, the commission was entitled to determine what weight, if any, was to be given to Dr. Schiavone's opinion. "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ." Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). The commission noted that Dr. Schiavone did not indicate any knowledge of claimant's domestic problems, including a recent divorce and decreased child visitation. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985). Thus, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that Dr. Schiavone's psychiatric treatment was causally related to the compensable October 8, 1992 injury by accident.

5

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>