COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Salem, Virginia


TYSON FOODS, INC.
                                  MEMORANDUM OPINION[*] BY
v.          Record No. 0510-96-3    JUDGE LARRY G. ELDER
                                      OCTOBER 1, 1996
CAROLYN ELEANOR PAYNE-MARSHALL

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Thomas G. Bell, Jr. (Timberlake, Smith,
          Thomas & Moses, P.C., on brief), for
          appellant.

          George L. Townsend (Chandler, Franklin &
          O'Bryan, on brief), for appellee.


     Tyson Foods, Inc. (employer) appeals from the Workers'

Compensation Commission's (commission) award of temporary total

disability benefits to Carolyn Eleanor Payne-Marshall (claimant).

 Employer contends that the commission erred in determining

(1) that claimant sustained an injury by accident despite the

deputy commissioner's ruling that claimant's testimony was not

credible; and (2) that claimant had no duty to market her

residual work capacity after her treating physician released her

to light duty work without setting forth her work restrictions.

Agreeing with employer's second argument, we reverse that part of

the commission's decision awarding claimant temporary total

disability benefits after January 9, 1995, the date her physician

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

released her to light duty work.  We affirm the remainder of the commission's decision.

## I.

### TESTIMONY TO ESTABLISH INJURY BY ACCIDENT

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "It is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review."  Department of Corrections v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986).  The fact that contrary evidence exists in the record is of no consequence if credible evidence supports the commission's findings.  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Employer contends that the commission had no basis to reverse the deputy commissioner's decision that claimant failed to prove an identifiable injury by accident and that the commission failed to articulate a reason for doing so.  Employer specifically contends "that once the issue of a witness' credibility has been decided by the deputy commissioner hearing the case ore tenus, this finding binds the full commission."  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 380, 363 S.E.2d 433, 436 (1989).  We disagree with employer's application of the law to the facts of this case.

In Pierce, we held that where the deputy commissioner's

findings are based on a specific, recorded observation of a witness' demeanor or appearance, the commission cannot arbitrarily disregard those findings. Id. at 382, 363 S.E.2d at 437. In Pierce, unlike this case, the deputy commissioner provided a detailed description of the claimant's demeanor and appearance, stating in part:

> [Claimant was] repeatedly evasive in his answers to the extent that he gave the clear appearance of intentionally trying to avoid giving a direct response to an uncomplicated question. [Claimant] . . . accomplished this by his argumentative answers to such question by defense counsel. This evasiveness which was clearly apparent to this Hearing Commissioner, coupled with the inconsistent testimony of the [claimant] as contrasted to his signed statement on the hospital pass . . . raises a substantial question as to the credibility of this [claimant].

Id. at 379-80, 363 S.E.2d at 436.

The commission has no duty to explain its decision favoring the testimony of one witness over another "[a]bsent a specific recorded observation regarding the behavior, demeanor or appearance of [the witness]." Bullion Hollow Enters. v. Lane, 14 Va. App. 725, 729, 418 S.E.2d 904, 907 (1992). In this case, the deputy commissioner did not make a specific, recorded observation of the claimant's demeanor. The commission, therefore, was entitled to make its own credibility determination based on the record before it without articulating a reason for not following the deputy commissioner's credibility findings. Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 881 (1992); Lane,

14 Va. App. at 729, 418 S.E.2d at 907.

We agree with the commission's determination that the conflicts between claimant's testimony and the recorded histories are not substantial, "and in most instances, they are satisfactorily explained." The probative weight that the commission gave the conflicting evidence was "within its province and not subject to our review." Birdsong Peanut Co. v. Cowling, 8 Va. App. 274, 279, 381 S.E.2d 24, 27 (1989).

The commission accurately summarized the substantial and credible evidence in the record that supports claimant's version of events, which factual account binds us on appeal. Briefly, the evidence, viewed in the light most favorable to claimant, shows that after midnight on October 21, 1994, claimant lifted a tub full of boxes of chicken off of a conveyor belt, at which time she was pulled down and injured her back and neck area. Claimant immediately informed her sister and a supervisor of her accident, before attempting to receive medical attention from a company nurse. Claimant consulted a nurse later that day, remained home in pain for the next three days, and then received medical treatment at the hospital and from Dr. Mettetal. A herniated disc was diagnosed and successfully treated surgically. This evidence proved an injury by accident arising out of and in the course of claimant's employment. See Code § 65.2-101.

We therefore hold that the commission did not err in reversing the deputy commissioner's decision without providing a

rationale for disregarding the deputy commissioner's general credibility findings.

II.

DUTY TO MARKET

The duty of a claimant to market his or her residual capacity arises when the claimant is partially disabled. National Linen Serv. v. McGuinn, 8 Va. App. 267, 268, 380 S.E.2d 31, 32 (1989); Code § 65.2-510. Failure of a partially disabled employee to satisfy the duty to make reasonable efforts to market residual work capacity results in a temporary suspension of benefits. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987). "It is not required that a workers' compensation claimant who suffers partial disability be informed by her physician that she may undertake restricted work in order for her to be obligated to make reasonable efforts to market her residual skills." Ridenhour v. City of Newport News, 12 Va. App. 415, 416, 404 S.E.2d 89, 89 (1991). The claimant is required to make reasonable efforts to market his or her remaining work capacity when under all the facts and circumstances, the claimant should reasonably and objectively perceive that he or she can return to gainful employment. See id. at 418, 404 S.E.2d at 90; Bateman, 4 Va. App. at 467, 359 S.E.2d at 102.

In this case, the uncontradicted evidence proved that Dr. Gillespie informed claimant that beginning on January 9, 1995, she was cleared to return to light duty employment. Dr. Gillespie's report included the following excerpt:

I have recommended that claimant start

> looking for a light duty type job.  She still
> has some complaints of neck discomfort as
> well as some axillary pain on the left side.
>  She has stated that she has no intentions of
> going back to a manual labor type job, and
> may be planning on returning to her
> schooling.  I have informed her that she
> could be cleared for return to light duty
> work at this point, and have recommended that
> she go ahead and seek this type of
> employment.

While nothing in the record reveals that Dr. Gillespie specified the types of light duty employment that suited claimant's physical limitations, claimant never asked for such specifications.  In light of these circumstances, we hold that the commission erred in finding that claimant had no duty to market her residual work capacity.  Claimant failed to present any evidence to show why she failed to make reasonable attempts to locate suitable light duty employment.  For example, claimant may have presented evidence that she did not understand that she had been released to light duty status or that she was confused over her work restrictions or that she had problems not known to Dr. Gillespie that precluded her return to work.  In the absence of any evidence of this nature, the commission lacked a basis to determine that claimant's inaction was reasonable after Dr. Gillespie in clear and unequivocal terms "informed her that she [was] cleared for return to light duty work at this point."

The fact that a treating physician does not specify the precise physical limitations on a claimant's release to light duty employment does not mean that the claimant is excused from

-7-

making further inquiry into the matter.  As we stated in Ridenhour, 12 Va. App. at 416, 404 S.E.2d at 89, a claimant who suffers partial disability need not even be informed by her physician "that she may undertake restricted work in order for her to be obligated to make reasonable efforts to market her residual skills."  It follows that where a claimant's physician does inform her of a release to light duty, the claimant is required to take reasonable efforts toward marketing her residual skills, even where the physician does not provide her with specific instructions concerning appropriate light duty work.

Accordingly, we reverse that part of the commission's decision awarding claimant temporary total disability benefits after January 9, 1995.  We affirm the other portions of the commission's decision.

Affirmed in part and
reversed in part.