COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


GEORGIA-PACIFIC CORPORATION

                                        MEMORANDUM OPINION[*]
v.   Record No. 0858-97-2                 PER CURIAM
                                         AUGUST 26, 1997
ANTIONETTE HICKS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Cecil H. Creasey, Jr.; Steven H. Theisen;
              Sands, Anderson, Marks & Miller, on brief),
              for appellant.

              (Jacqueline Waymack; Butterworth and Waymack,
              on brief), for appellee.


     Georgia-Pacific Corporation (employer) contends that the

Workers' Compensation Commission (commission) erred in finding

that Antionette Hicks (claimant) (1) proved she sustained an

injury by accident arising out of and in the course of her

employment on January 3, 1996; (2) proved she sustained

disability causally related to a January 3, 1996 injury by

accident; (3) proved she marketed her residual capacity beginning

January 31, 1996; and (4) was not barred from receiving an award

of compensation benefits due to willful misconduct.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.  Injury By Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant testified that on January 3, 1996, employer assigned her to run a clipper machine.  The machine was not working properly, and, at approximately midnight, while pulling on veneer, claimant felt a "twist" in her arm.  Later, claimant's arm began to ache and tingle.  Claimant stated that she reported the incident to her supervisor, Michael Wynn.  Wynn told claimant she was just frustrated and left work without recording the accident.  The next night claimant reported the incident to another supervisor, Bobby Butler.  Butler took claimant off the clipper machine, and claimant continued to work without using her arm.

On January 15, 1996, claimant sought medical treatment from Dr. H.I. Sayed.  Claimant gave Dr. Sayed the following history:

[D]uring her shift 6pm – 430 am around 12 am she reported her incident.  P[atient] was working [with] a tray belt & it kept getting hung up & she says she was pushing, pulling at the wood so it

2

> wouldn't be caught.  So during
> this, her rt arm felt twisted.  She
> has had pain every [sic] since
> [date of accident] & now some
> numbness & tingling . . . .

Dr. Sayed diagnosed lateral malleolitis of the right elbow.  A subsequent x-ray revealed a fracture of the lateral aspect of the radial head of the right elbow.

Claimant also testified that on October 9, 1995, she tried to catch her son as he fell off his bike, causing claimant to fall on her right side on the grass.  She sought emergency medical treatment.  The hospital medical records showed that claimant was diagnosed with a right elbow and right shoulder sprain.  The hospital records also showed that x-rays revealed that "[a]lthough subtle, there is evidence of an undisplaced radial head fracture."  Claimant maintained that she was never told of the fracture.  She believed she had a minor sprain, and she did not miss any work nor reduce her work load between October 9, 1995 and January 3, 1996.

Based upon this evidence, the commission found that claimant credibly described an injury by accident which occurred when she was pulling on veneer.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and

3

that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Claimant's testimony, which was corroborated by the history contained in Dr. Sayed's medical records, provides credible evidence to support the commission's finding that claimant sustained an injury by accident arising out of and in the course of her employment on January 3, 1996. Thus, that finding is conclusive on this appeal. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## II. <u>Causation/Disability</u>

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." <u>Ingersoll-Rand Co. v. Musick</u>, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Credible evidence proved that the October 9, 1995 injury was minor and did not affect claimant's ability to work her regular job. After the January 3, 1996 incident, claimant was unable to perform her pre-injury work and sustained a definite injury to her right elbow. Based upon this evidence, the commission could infer that claimant's post-January 3, 1996 disability was causally related to the January 3, 1996 injury by accident. "Where reasonable inferences can be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." <u>Hawks v. Henrico County Sch.</u>

4

<u>Bd.</u>, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Moreover, "the commission was free to credit claimant's testimony at the hearing as a basis for its finding of causation. The fact that contrary evidence may appear in the record 'is of no consequence if there is credible evidence to support the commission's finding.'" <u>Dollar General Store v. Cridlin</u>, 22 Va. App. 171, 177, 468 S.E.2d 152, 155 (1996) (quoting <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

5

### III. Marketing

A claimant's effort to market his (or her) residual capacity must be evaluated in the context of "reasonableness." See Ridenhour v. City of Newport News, 12 Va. App. 415, 418, 404 S.E.2d 89, 90 (1991).

Here, Dr. Sayed placed claimant on light-duty status for four weeks beginning January 15, 1996. According to claimant, employer provided her with light-duty work after the January 3, 1996 injury by accident, but suspended claimant on January 31, 1996, without explanation. Employer did not terminate claimant until February 6, 1996. Between mid-February and the beginning of March 1996, claimant registered with the Virginia Employment Commission.

Based upon this record, the commission awarded claimant temporary total disability benefits between February 7, 1996 and February 14, 1996. Due to the short duration of the period of disability, the commission was entitled in its discretion to excuse claimant's failure to market her residual capacity. See Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 42, 422 S.E.2d 165, 172 (1992) (where employee is released to return to light duty for short period of time, employee not required to prove marketing efforts).

### IV. Willful Misconduct

Employer argues that the commission erred in refusing to find that claimant was barred from receiving an award of workers'

6

compensation benefits on the ground that employer terminated claimant from selective employment procured by employer for claimant due to claimant's willful misconduct in failing to reveal her October 1995 elbow fracture to employer or her doctors.

Code § 65.2-306(1) bars compensation for an injury or death caused by the employee's willful misconduct or self-inflicted injury. "Willful misconduct requires something more than negligence. '[It] . . . imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention.'" Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 164, 335 S.E.2d 851, 852 (1985) (citation omitted).

Credible evidence proved that the October 1995 injury was minor and did not cause disability. Claimant testified that she was not aware that she had sustained any fracture as a result of the October 1995 incident. In its role as fact finder, the commission was entitled to accept claimant's testimony. Based upon this evidence, the commission could conclude that claimant did not intend to mislead her employer or her doctors when she failed to mention the October 1995 incident. Accordingly, the commission did not err in holding that claimant was not barred from receiving an award of compensation benefits on the ground of willful misconduct.

For these reasons, we affirm the commission's decision.

Affirmed.

7