COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

MICHAEL T. BOWLES

v.   Record No. 0753-97-2

LINWOOD WAYNE WINGO

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 9, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(W. Richard Hairfield; A. Russell Watson;
Hairfield, Morton & Allen, on brief), for
appellant.

(Laura A. McDonald, on brief), for appellee.


Michael T. Bowles (employer) contends that the Workers' Compensation Commission (commission) erred in finding that Linwood Wayne Wingo (claimant) was not obligated to market his residual capacity after March 27, 1996.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

1

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On February 9, 1996, claimant sustained a compensable injury by accident, while in the course of his employment as a vinyl siding installer, when a nail ricochetted into his left eye.

In ruling that claimant was not obligated to market his residual capacity prior to his impending September 1996 surgery, the commission relied heavily upon a July 30, 1996 letter written by Dr. Carl D. Outen, claimant's treating physician. In that letter, Dr. Outen opined as follows:

> Mr. Linwood Wingo has been unable to do his PRE-INJURY EMPLOYMENT since February 9, 1996. He has been unable to bend, stoop or lift. He could not get sand, dust or wind in his eye because of extreme eye irritation and light sensitivity. Mr. Wingo has experienced constant lid swelling and tearing due to corneal sutures which were removed several weeks ago. Mr. Wingo has been unable to do any outside work, operate machinery or motor vehicles due to his loss of depth perception. This patient would have been unlikely to hold a desk or sales job. It would have been extremely difficult for this patient to find any work given these limitations.

In addition, claimant testified that at the time of the July 31, 1996 hearing before Deputy Commissioner Herring, he had only recently regained his driver's license and drove only on short errands. Claimant's past work experience consists solely of carpentry work and he has a tenth grade education. At the time of the hearing, claimant was scheduled to undergo another surgery in September 1996.

This Court has recognized that in analyzing an injured

2

employee's duty to market his or her residual capacity, "'what is reasonable in a given case will depend upon all of the facts and surrounding circumstances.  An important factor is the physical condition and the limitations placed upon the employee by his physicians.'"  Ridenhour v. City of Newport News, 12 Va. App. 415, 417, 404 S.E.2d 89, 90 (1991) (quoting Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987)).

Dr. Outen's opinions and claimant's testimony provide credible evidence to support the commission's findings, which are binding on appeal.  In light of the totality of the facts and surrounding circumstances, including claimant's severe limitations as described by Dr. Outen, claimant's limited work experience and training, and his impending surgery in September 1996, the commission was entitled to conclude that claimant was not obligated to market his residual work capacity after March 27, 1996.

For these reasons, we affirm the commission's decision.

Affirmed.

3