COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SHELBY GUTHRIE SHAW

MEMORANDUM OPINION[*]
v.   Record No. 0899-98-1                    PER CURIAM
                                          SEPTEMBER 1, 1998
MERCHANT'S TIRE & AUTO
 AND SAFECO INSURANCE COMPANY OF AMERICA


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Karen M. Rye, on brief), for appellant.

              (Lisa C. Healey; Siciliano, Ellis, Dyer &
              Boccarosse, on brief), for appellees.


     Shelby G. Shaw contends that the Workers' Compensation

Commission ("commission") erred in finding that as of December

13, 1996, she was not entitled to compensation benefits because

she failed to market her residual capacity.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that Shaw's evidence

sustained her burden of proving she was totally disabled after

December 13, 1996, the commission's findings are binding and

conclusive upon us.  See Tomko v. Michael's Plastering Co., 210

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying Shaw an award of compensation benefits after December 13, 1996, the commission made the following findings:

> We also agree with the Deputy Commissioner's decision that [Shaw's] award is limited because she did not market her residual skills. The documentary evidence on whether [Shaw's] treating physician, Dr. [Edward D.] Habeeb, considered [Shaw] totally disabled is inconsistent. While he wrote on October 25, 1996, that [Shaw] was excused from all work including her preinjury job, he wrote in December that [Shaw] was "capable of clerical/administrative (sedentary) activity" but also wrote [that Shaw] would never recover sufficiently to perform her pre-injury duties or "any other work." While these inconsistencies are problematic, [Shaw] testified she knew Dr. Habeeb restricted her from work that required her being on her feet or moving around a lot. [Shaw's] testimony about her restrictions is consistent with the December form that said she could do clerical or administrative work.

Contrary to Shaw's argument on appeal, we find nothing in the record to indicate that the commission impermissibly held her to a higher burden of proof with respect to the disability issue. To receive benefits, Shaw had to establish her claim by a preponderance of the evidence. See Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997). The commission, as fact finder, was entitled to weigh the medical evidence and to resolve any inconsistencies in that evidence against Shaw. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401

- 2 -

S.E.2d 213, 215 (1991).

Dr. Habeeb's December 1996 Attending Physician's Report stated that Shaw was capable of performing clerical/administrative sedentary work.  Furthermore, Shaw testified that she received that report in December 1996 and was aware of its contents.  Shaw admitted that she did not market her residual capacity after that date, although she had a duty to do so.  See Ridenhour v. City of Newport News, 12 Va. App. 415, 418, 404 S.E.2d 89, 90-91 (1991).  Thus, we cannot say as a matter of law that Shaw proved she was totally disabled after December 13, 1996.

For these reasons, we affirm the commission's decision.

Affirmed.