COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


CHICKS CONSTRUCTION AND
  WCAMC CONTRACTORS GROUP
  SELF-INSURANCE ASSOCIATION

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0864-08-2                          JUDGE LARRY G. ELDER
                                                        NOVEMBER 25, 2008

CESAR ROJAS TORRES


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Angela F. Gibbs (Kevin W. Cloe; Midkiff, Muncie & Ross, P.C., on
          briefs), for appellants.

          Christian Parrish (E. Wayne Powell; Powell & Parrish, on brief), for
          appellee.


        Chicks Construction and WCAMC Contractors Group Self-Insurance Association

(employer) appeal from a decision of the Workers' Compensation Commission awarding

temporary total disability benefits to Cesar Rojas Torres (claimant) for a period of disability of

approximately six months.  On appeal, employer contends the commission erroneously focused

on claimant's purported lack of understanding about the degree of his disability and awarded

benefits based on claimant's incorrect belief rather than actual total disability.  It also contends

that to the extent the commission did find claimant was totally disabled during the relevant

period, that finding was not supported by the evidence.  We hold the commission's opinion

establishes it found both that claimant was, in fact, totally disabled during the relevant period—

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not merely that claimant believed he was totally disabled—and that credible evidence in the record supported this finding. Thus, we affirm the award of benefits.

Under settled principles, the commission determines the credibility of the witnesses and makes all necessary findings of fact, and we must defer to those findings on appeal if they are supported by credible evidence in the record. E.g. Dep't of Corr. v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). In determining whether credible evidence exists to support the commission's findings of fact, "the appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The commission's determination regarding the nature and extent of disability is a question of fact and is binding on appeal if supported by credible evidence. See, e.g., Ga. Pacific Corp. v. Dancy, 17 Va. App. 128, 133-34, 435 S.E.2d 898, 901 (1993). Determinations of ongoing disability, like questions of medical causation, need not be based solely on medical evidence. See Dollar Gen'l Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (applying principle in context of determining causation). Ongoing disability, like causation, may be proved by either direct or circumstantial evidence, including medical evidence or "the testimony of a claimant," if found credible by the commission. Id. A question raised by conflicting medical opinions is a question of fact to be decided by the commission. Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Here, although *the deputy* may have focused on claimant's belief regarding his disability rather than his actual disability, cf. Ridenhour v. City of Newport News, 12 Va. App. 415, 418, 404 S.E.2d 89, 90-91 (1991) (rejecting contention that a claimant remained totally disabled within the meaning of the Act and, thus, had no duty to seek selective employment unless informed by his physician that he could return to light-duty work), *the commission* made clear

that it based its decision on its factual finding that claimant was, in fact, totally disabled for the period at issue. The commission pointed to medical evidence that claimant's treating physician, Dr. Robert Adelaar, released claimant to light duty as of July 2006 and that, when Dr. Adelaar next saw claimant on December 4, 2006, he issued a disability slip specifically removing claimant from all employment. This disability slip specifically stated, "Mr. Torres has had fracture left ankle. He can not return to work until further notice."

Although the disability slip was signed by someone other than Dr. Adelaar, presumably an intern or resident, claimant testified that he saw Dr. Adelaar at the December 4, 2006 visit and that "the letter" he received "telling that [he] wasn't able to work anymore" was "from Dr. Adelaar." Further, Dr. Adelaar clearly acknowledged responsibility for or connection to that note when he responded to employer's counsel's request for information of May 25, 2007, regarding "a note [Dr. Adelaar] had written in December of 2006 referencing that the claimant could not return to work." Instead of disclaiming any responsibility for that note, Dr. Adelaar merely stated "some confusion" existed over claimant's degree of disability and that, in Dr. Adelaar's opinion, claimant had been only partially disabled throughout that period of time. Dr. Adelaar also referred to claimant's degree of disability as "defined *by us*," supporting the inference that he, a professor and chairman of the Department of Orthopaedic Surgery at the Medical College of Virginia (MCV), treated claimant in conjunction with the other physicians who signed the various disability slips and office notes for claimant's treatment at MCV. (Emphasis added.)

Finally, claimant specifically testified, under examination by both his attorney and employer's attorney, that Dr. Adelaar told him verbally at his December 4, 2006 appointment, "I won't be able to work anymore because my foot . . . was very bad – was damaged." Claimant specifically disclaimed that Dr. Adelaar told him at that time that he was capable of working

light duty. Especially in view of the written doctor's note of December 4, 2006, the commission, as the fact finder, was entitled to accept claimant's testimony as credible. That testimony included claimant's statement that he had not worked anywhere during the year prior to the July 2, 2007 deposition "because, unfortunately, I can't work."

The commission was entitled to find claimant's admission that he spoke only "a little bit" of English, that Dr. Adelaar spoke only a little bit of Spanish, and that claimant's nephew helped the two translate on December 4, 2006, did not compel the conclusion that claimant's testimony about Dr. Adelaar's statements was either inaccurate or unworthy of belief. The commission also was entitled to conclude, as it impliedly did, that Dr. Adelaar's claim in his May 2007 correspondence with employer's counsel that he placed claimant on light duty in December 2006 was a "change[]" in his "previous instructions." Thus, the evidence as found by the commission "proved a period of *total* incapacity through medical evidence and testimony," not merely a mistaken belief by claimant that he was totally disabled.

Furthermore, credible evidence supported the factual findings underpinning the commission's rejection of employer's argument that claimant had a duty to inquire further of Dr. Adelaar about his work status. The commission found,

> As stated, the claimant's treating physician issued a disability slip excusing him from employment. The claimant also understood from his communications with Dr. Adelaar that he could not work. There was no apparent reason to clarify. Potential confusion did not become an issue until Dr. Adelaar was contacted in May 2007, and he began explaining that the claimant was actually released to light duty. We find that the claimant reasonably and legitimately relied upon the disability slip which clearly removed him from all employment.

The record further reveals that, within one week of claimant's December 4, 2006 office visit with Dr. Adelaar, claimant's counsel (1) furnished employer's counsel and the commission with a copy of the statement from MCV, which listed Dr. Adelaar as claimant's treating physician and

- 4 -

indicated claimant "can not return to work until further notice," and (2) notified them of claimant's position that, based upon that note, he was totally disabled and once again entitled to receive temporary total disability benefits. Under these circumstances, if anyone bore the burden of contacting Dr. Adelaar for clarification, it was employer. However, despite employer's having received a copy of the disability slip, the record contains no indication that employer attempted to clarify claimant's status for more than five months, during which time it refused to authorize the additional surgery ordered by claimant's treating physician and refused to pay the temporary total disability benefits to which claimant had asserted an entitlement.

On these facts, we hold the commission did not err in affirming the deputy's award of temporary total disability benefits for the disputed period. Thus, we affirm the commission's award of benefits.

<u>Affirmed.</u>