COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Russell and AtLee
Argued by videoconference

**UNPUBLISHED**

SECURITAS SECURITY SERVICES USA, INC. AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0379-20-3                       JUDGE ROBERT J. HUMPHREYS
                                                    OCTOBER 13, 2020

CAROLYN E. GERSCH

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Roberta A. Paluck (Christopher M. Kite; Lucas & Kite, PLC, on
> brief), for appellants.
>
> Michael J. Beste (Reinhardt Harper Davis, PLC, on brief), for
> appellee.

On February 5, 2020, the Workers' Compensation Commission ("the Commission")

found that Carolyn E. Gersch ("Gersch") was properly awarded continuing temporary total

disability benefits as of July 24, 2019.  Her employer, Securitas Security Services USA, Inc.

("Securitas") now appeals.  Securitas contends that no credible evidence exists to support the

Commission's finding that Gersch was entitled to temporary total disability benefits beginning

January 17, 2019 and continuing until conditions justified a modification thereof.

## I.  BACKGROUND

On January 10, 2018, Gersch sustained injuries while working as a security officer with

Securitas when she was "trying to open and pass through a heavy gate when she caught her left

foot on a curb, causing her to trip."  On February 22, 2018, Gersch filed a claim for benefits for

---

*Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the same injuries. Shortly thereafter, she began treatment for her left shoulder and left hip injuries with Dr. Robert T. Wyker ("Dr. Wyker"). Dr. Wyker recommended Gersch undergo surgery on her left shoulder, which he performed on July 25, 2018. Dr. Wyker placed her on temporary total disability beginning on the date of shoulder surgery through November 13, 2018.

On January 17, 2019, Dr. Wyker again totally restricted Gersch from work in anticipation of a total replacement of her left hip. Her hip surgery took place on March 18, 2019. At a follow-up visit on May 14, 2019, Dr. Wyker noted that Gersch was not to return to work. Gersch made a subsequent appointment to see Dr. Wyker on June 11, 2019, sooner than her next scheduled visit, because she "was doing well with essentially no pain until a couple weeks ago when she started getting increasing discomfort in her left groin." Dr. Wyker speculated that the soreness "was soft tissue in nature" and planned to recheck her in four to six weeks. Dr. Wyker's notes from the June 11 visit do not reference Gersch's ability to work.

Prior to the evidentiary hearing, Gersch's counsel sent Dr. Wyker a questionnaire that inquired whether she was totally disabled from employment in connection with her injuries. Dr. Wyker filled out the form and returned it on July 24, 2019, wherein he answered that Gersch was not totally disabled and was at least able to perform "light duty sedentary type work."

Twelve days after Dr. Wyker filled out the questionnaire regarding Gersch's work status, on August 5, 2019, an evidentiary hearing was held before the deputy commissioner. Gersch testified at the hearing that she had not been informed by either Dr. Wyker or her counsel that she was released for sedentary work. Gersch was not "contemporaneously evaluated" by Dr. Wyker when he replied to the questionnaire nor did she see or talk to Dr. Wyker between July 24, 2019 and August 4, 2019. The Commission also noted that Dr. Wyker's questionnaire response was not filed with it until the evidentiary hearing.

On September 13, 2019, the deputy commissioner awarded Gersch medical benefits for her shoulder and hip injuries. She was also awarded temporary total disability from July 25, 2018 through November 22, 2018, and temporary total disability beginning January 17, 2019, and continuing until conditions justified a modification thereof.

On February 5, 2020, the Commission affirmed each of the deputy commissioner's findings. Specifically, the Commission found that because the medical record provided no statement that her work status had changed, Gersch denied knowledge of light duty work release after July 24, 2019, and the deputy commissioner found her to be a credible witness, Gersch did not have a duty to market her residual physical capacity. Accordingly, the Commission held the continuing award of temporary total disability proper. Securitas appeals only the Commission's affirmance of the award of total disability on and after July 24, 2019.

## II. ANALYSIS

### A. Standard of Review

"An award by the Commission is conclusive and binding as to all questions of fact." Newport News Shipbuilding & Dry Dock Co. v. Wardell Orthopaedics, P.C., 67 Va. App. 404, 412 (2017) (quoting Ford Motor Co.v. Favinger, 275 Va. 83, 88 (2008)); see also Code § 65.2-706(A). Whether a claimant suffers a continuing disability is a question of fact to be determined by evidence. See Hoffman v. Carter, 50 Va. App. 199, 216 (2007). On appeal, we view the evidence in the light most favorable to the party prevailing below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212 (1990). As such, "[w]e are bound by the [C]ommission's factual findings where those findings are supported by credible evidence in the record," despite the existence of contrary evidence or contrary evidentiary inferences. Herbert Clements & Sons, Inc. v. Harris, 52 Va. App. 447, 452 (2008) (quoting Tomes v. James City Fire, 39 Va. App. 424, 430 (2002) (interpreting Code § 65.2-706)). "The scope of a judicial

review of the fact finding function of a workers' compensation commission [, therefore,] is 'severely' limited, partly in deference to the agency's expertise in a specialized field." Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828 (2000) (alterations in original) (quoting Ga.-Pac. Corp. v. Robinson, 32 Va. App. 1, 4-5 (2000)).

B. Entitlement to Continuing Temporary Total Disability

A party seeking compensation bears the burden of proving her disability and the periods of that disability. See Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679 (1997). The test for determining whether a claimant failed to make reasonable efforts to market his or her residual skills and forfeited the right to compensation is not a bright line but rather involves a multitude of factors. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 467 (1987). In determining what constitutes a reasonable effort to market remaining work capacity, we analyze the claimant's efforts both in the context of reasonableness and dependent upon all the facts and surrounding circumstances. See Ridenhour v. Newport News, 12 Va. App. 415, 418 (1991) (quoting Bateman, 4 Va. App. at 467). This necessarily includes consideration of the claimant's perception of his or her condition, abilities, and employability, and of the claimant's basis for that perception. See id.

Securitas argues that, contrary to the Commission's finding, there is "no medical evidence" in the record to support Gersch's testimony that she was continually totally disabled after July 24, 2019. While Gersch's testimony in front of the deputy commissioner is, in and of itself, evidence, Securitas continues to assert the Commission's finding that Gersch was entitled to total disability benefits after July 24, 2019 is unsupported.

In this case, there is evidence to support the Commission's conclusion that Gersch proved an ongoing disability. Medical records and testimony supported the assertion that on January 17, 2019, Gersch was placed on total disability by Dr. Wyker pending a left total hip replacement in

- 4 -

March and after the surgery, Dr. Wyker continued her out of work status. On May 14, 2019, contemporaneous to a physical evaluation, Dr. Wyker continued Gersch's total disability status. Dr. Wyker saw Gersch again on June 11, 2019, when she reported "increasing discomfort." He did not make any notes regarding her disability status at that visit. The first change in her work status occurred when Gersch's counsel sent a questionnaire to Dr. Wyker on July 24, 2019, wherein he disagreed that she was totally disabled and stated that she would at least be able to do "light duty sedentary type work." Twelve days later, on August 5, 2019, at an evidentiary hearing before the deputy commissioner, Gersch testified that Dr. Wyker's answers to the questionnaire had not been previously communicated to her.

If evidence, or reasonable inferences drawn from the evidence, supports the Commission's findings, they will not be disturbed by this Court on review even if the record could support a contrary finding. See Advance Auto v. Craft, 63 Va. App. 502, 520 (2014) (quoting Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408 (2004)).

Here, the Commission affirmed the deputy commissioner's finding that the medical record explicitly detailed Gersch's no-work status as of May 14, 2019 and lacked any indication that her total disability changed as of the June 11, 2019 medical evaluation. Gersch testified that the doctor did not give her a note regarding an updated light duty work status. She stated that she understood that she was disabled and unable to work up to and until the evidentiary hearing, when she learned about Dr. Wyker's questionnaire response. The Commission noted that the deputy commissioner found Gersch to be a credible witness at the hearing. This evidence, separately and in the aggregate, supports the Commission's finding that Gersch was reasonably

unaware she had residual work capacity and was entitled to temporary total disability after July 24, 2019.[1]

### III. CONCLUSION

Because there is credible evidence to support the Commission's finding that Gersch's continuing total disability benefits after July 24, 2019 were proper, it will not be disturbed on review. For these reasons, the Commission did not err.

Affirmed.

---

[1] Although they assigned no error on this basis, Securitas argues on brief that the Commission improperly applied the Ridenhour test regarding the reasonability of Gersch's perception that she was totally disabled after Dr. Wyker's questionnaire response. They contend she had a duty to market regardless of when she because aware of sedentary work release and impliedly assert the Commission erred in finding Gersch made a "reasonable effort" to market her remaining capacity. However, Securitas did not actually assign error to this ruling. Per this Court's Rules, we address only arguments raised by an appellant's express "assignments of error" in their brief. See Rule 5A:20(e), cited in Ceres Marine Terminals v. Armstrong, 59 Va. App. 694, 710 (2012).