COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


THE GEON COMPANY AND
 LIBERTY MUTUAL INSURANCE COMPANY

                                                         MEMORANDUM OPINION[*]
v.        Record No. 1853-03-4                                PER CURIAM
                                                         NOVEMBER 12, 2003
WALLACE O. PEACEMAKER, SR.


                  FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Nate L. Adams, III; Adams & Kellas, P.C., on briefs), for
              appellants.

              (Nikolas E. Parthemos; Parthemos & Bryant, P.C., on brief), for
              appellee.


        The Geon Company and its insurer (hereinafter referred to as "employer") contend the

Workers' Compensation Commission erred in awarding permanent partial disability benefits to

Wallace O. Peacemaker, Sr. based upon a 47% impairment rating to Peacemaker's right upper

extremity.  Employer argues that the commission erred in calculating Peacemaker's benefits

when it averaged the 25% impairment rating provided by the treating physician, Dr. Bernard M.

Swope, with the average of the 75% impairment rating and the 61% impairment provided by

independent medical examiners Dr. Herbert H. Joseph and Dr. Benjamin V. Rezba.  Employer

contends the commission should have relied solely upon the 25% impairment rating determined

by Dr. Swope and, further, that the commission erred in averaging the ratings.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In awarding permanent partial disability benefits to Peacemaker, the commission found as follows:

> [W]e conclude that it is appropriate to give greater weight to the opinion of [Peacemaker's] treating physician, Dr. Swope, while at the same time considering the opinions of Drs. Joseph and Rezba, both of whom conducted comprehensive independent examinations of [Peacemaker] and have clearly taken into account [Peacemaker's] carpal tunnel symptoms. Given the difference of medical opinion offered with respect to the extent of [Peacemaker's] impairment and [Peacemaker's] testimony regarding his current limitations, we find it consistent with reason and justice to average the 25% disability rating provided by Dr. Swope with the average of the two ratings provided by the independent examiners-that is, 68% (calculated by averaging the 75% rating provided by Dr. Joseph with the 61% rating provided by Dr. Rezba). When the ratings are averaged in this manner, we conclude that [Peacemaker] has sustained a 47% permanent partial disability to his right upper extremity as a result of his industrial injury.

"[I]t is fundamental that a finding of fact made by the Commission is conclusive and binding upon this court on review. A question raised by conflicting medical opinion is a question of fact." Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). Moreover, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

We find no merit in employer's argument that the commission was required to rely solely upon the treating physician's opinion and to ignore the impairment ratings provided by Drs. Joseph and Rezba. To the contrary, although the commission, in general, will give greater weight to the treating physician's opinion over a non-treating physician, see Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986), "'[t]he probative

weight to be accorded [medical] evidence is for the Commission to decide; and if it is in conflict with other medical evidence, the Commission is free to adopt that view "which is most consistent with reason and justice,"'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Constr. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 241 (1978)).

We also find no merit in employer's contentions that the commission impermissibly averaged the three "substantially disparate" impairment ratings and that the commission's procedure rose to the level of an impermissible "quotient verdict." The commission's decision reflects that it considered and weighed the medical evidence in its entirety, including the three physicians' conflicting opinions and claimant's testimony, in arriving at its calculation of Peacemaker's impairment rating. In doing so, the commission gave more weight to Dr. Swope's opinion by averaging his impairment rating with *the average* of the other two physicians' impairment ratings, instead of merely averaging all three impairment ratings. In addition, we find that the commission did not violate the prohibition against quotient verdicts. A quotient verdict or award "implies an agreement in advance among commissioners or jurors that each will put down the amount he thinks the award or verdict should be, the aggregate of such sums then divided by the number of commissioners or jurors, and the result reached shall be their award or verdict." Virginia Elec. And Power Co. v. Marks, 195 Va. 468, 476, 78 S.E.2d 677, 681-82 (1953). That scenario did not occur in this case.

Put simply, in its role as fact finder, the commission was entitled to weigh the medical evidence, the three physicians' conflicting opinions as to the extent of Peacemaker's permanent partial impairment to his right upper extremity, and Peacemaker's testimony relating his limitations. The medical records, the physicians' opinions, and Peacemaker's testimony provide credible evidence to support the commission's award of benefits based upon a 47% impairment

rating.  Thus, that finding is binding upon us on appeal.  <u>See</u> <u>Powell</u>, 2 Va. App. at 714, 347 S.E.2d at 533.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>